UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ASHLEY STORY

    Plaintiff

v.                                                                                     Case No.:

LIGHTHOUSE RECOVERY
ASSOCIATES, LLC. and
SUSIE SCHERZI

    Defendants.
_____/

## COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff, Ashley Story, by and through undersigned counsel, and as her complaint against the Defendants Lighthouse Recovery Associates, LLC, and Susie Scherzi, and states the following:

### I. Introduction

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. (hereafter "FDCPA") and the Florida Consumer Collection Practices Act, F.S.A. § 559.72 (hereafter "FCCPA"). These laws prevent debt collectors from *inter alia*, engaging in abusive, deceptive, and unfair collection practices.

### II. Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692(k)(d), 28 U.S.C. § 1331, 1337.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(d).

Case 8:10-cv-02204-SDM-MAP   Document 1   Filed 10/01/10   Page 2 of 10 PageID 2

## III.  Parties

4. Plaintiff Ashley Story, (hereafter "Plaintiff") is an individual residing at 5010 Belle Chase Circle, Tampa, FL  33634.

5. Defendant, Lighthouse Recovery Associates, LLC (hereafter "Defendant") is a Foreign Limited Liability Company with an address of 11551 E. Arapahoe Road, Suite 150, Centennial CO  80112.  The principal purpose of Defendant is the collection of debts, using the mail and telephone, and Defendant regularly attempts to collect debts alleged to be due to another.

6. Susie Scherzi is an agent or employee of Defendant, Lighthouse, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## IV.  Factual Allegations

7. Sometime during May 2010 Defendant began attempting to collect a debt allegedly owed by Plaintiff as a result of fraudulent use of her credit.

8. The alleged fraudulent debt was for personal and household purposes and was a consumer debt.

9. In May 2010 Plaintiff received a call from her sister.

10. Plaintiff's sister told her that a representative of Defendant had called the sister on May 18, 2010 asking for Plaintiff.  When Plaintiff's sister advised that they had the wrong number and that her sister did not reside with her at that number, Defendant's representative became abusive and belligerent and called Plaintiff's sister a liar.  Defendant's representative who identified herself as Suzie stated that the debtor needed to stop being irresponsible and to take responsibility for herself.

11. The phone calls to Plaintiff's sister persisted everyday two times daily for one week.

12. Plaintiff called Defendant several times to ask that they not contact her sister and to make sure they had her correct telephone number.

13. Finally after approximately 10 calls, Plaintiff's sister stopped answering the incoming calls altogether. At that point, Defendant began to call Plaintiff directly on her cell and work phone.

14. In May through July 2010, Defendant continued to call Plaintiff at home and at work despite being asked not to contact Plaintiff at work. On one such call to Plaintiff's work, the Defendant's representative became very rude with Martin Quinn, General Manager, of Plaintiff's workplace. Mr. Quinn advised Defendant's representative that Plaintiff was not allowed to receive personal calls at the office during business hours. The female representative stated she knew what the company's rules were and proceeded to yell at Mr. Quinn demanding that he put Plaintiff on the phone. Mr. Quinn asked the representative not to yell at him at which time she replied "Buddy, I'm not yelling at you, I yell at my kids and you will know when I am yelling at you!" or words to that effect. The representative demanded Mr. Quinn provide his corporate number and then both parties demanded to speak with each other's manager. Both parties refused to put their respective managers on the phone. Then Defendant's representative proceeded to tell Mr. Quinn to "just shut up and stick her on the phone!" or words to that effect. Mr. Quinn asked Defendant's representative if she was familiar with the Fair Debt Collections Practicing Act and the laws she was breaking. Defendant's representative responded that she would call Plaintiff's workplace as many times as she wanted to and called Mr. Quinn an "asshole". Defendant's representative then told Mr. Quinn to again shut up and advised him that

he did not know what he was talking about and demanded to speak with Plaintiff again. At this point Mr. Quinn terminated the call.

15. After this phone call where Defendant's representative called Plaintiff's boss an "asshole", Mr. Quinn discussed the issue with Plaintiff. Plaintiff became very emotional and stated she was sorry that she couldn't make them stop calling her at work. Mr. Quinn advised that if the issue continued to persist that it could interfere with her employment with the company due to the missed time and lower productivity caused by these harassing phone calls. On that particular day, Plaintiff had to take time off work to deal with this issue.

16. Defendant continued to call Plaintiff's workplace, even to the point of speaking with her Regional Manager, Roy Shameer. Defendant's representative also cursed at Mr. Shameer. On one occasion in May – June 2010, Plaintiff had advised that there was bank fraud on her account and she was having problems clearing up her accounts. Plaintiff agreed to make a payment in about a week's time, but then was unable to do so because her son was hospitalized and she had to redirect the monies to pay the hospital bill. Defendant's representative called Plaintiff a "fucking liar" and berated her until Plaintiff finally had to hang up the phone. Defendant's representative called Plaintiff back twice more right after Plaintiff hung up and Plaintiff refused to answer the phone. Defendant told Plaintiff that she was irresponsible and "to be an adult". Defendant constantly yelled at Plaintiff and barely let Plaintiff speak during these harassing phone calls.

17. Defendant's representative threatened to harm Plaintiff's credit if she did not pay the disputed debt.

18. Many times the female caller identified herself as Susie Scherzi.

19. Plaintiff was upset and embarrassed that members of her family and her employer were being contacted about her debt. Plaintiff became particularly concerned about losing her job over the harassing calls to her workplace. Plaintiff began to suffer from sleeplessness, stress, anxiety, headaches, irritability and panic attacks especially because of Defendant's actions.

20. All conduct alleged herein by Plaintiff were authorized, approved and/or ratified by one or more officers, directors, or managers of the Defendant. The conduct alleged herein was a claim to enforce a debt when the Defendant had knowledge that the debt was not legitimate and/or did not exist.

21. All conditions precedent to this action have occurred, have been satisfied or have been waived.

### *Respondeat Superior Liability*

22. The acts and omissions of Defendant Susie Scherzi, and the other debt collectors employed as agents by Defendant Lighthouse who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Lighthouse.

23. The acts and omissions by Defendant Susie Scherzi and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Lighthouse in collecting consumer debts.

24. By committing these acts and omissions against Plaintiff, Defendant Susie Scherzi and these other debt collectors were motivated to benefit their principal, Defendant Lighthouse.

25. Defendant Lighthouse is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in

violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and the FCCPA, in their attempts to collect this debt from Plaintiff.

## Count I
### FDCPA Violation

26. Plaintiff re-alleges and incorporates by reference paragraphs 1- 25 above.

27. The foregoing acts and omissions of Defendant Lighthouse by and through its agents constitutes numerous and several violations of the FDCPA, including, but not limited to 15 U.S.C. § 1692b(2), 1692b(3), 1692c(a)(3), 1692d, 1692d(2), 1692d(5), 1692e, 1692e(5), 1692e(10), and 1692(f).

28. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, costs and attorney's fees.

## Count II
### FCCPA Violation (advising debtor credit will be impaired without advising existence of dispute)

29. Plaintiff re-alleges and incorporates by reference paragraphs 1-25 above.

30. The foregoing acts and omissions of Defendant Lighthouse by and through its agents constitute violations of the FCCPA, including, but not limited to F.S.A. § 559.72(3).

31. As a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, punitive damages and attorney's fees and costs.

## Count III
### FCCPA Violation (Calls to General Manager)

32. Plaintiff re-alleges and incorporates by reference paragraphs 1-25 above.

33. The foregoing acts and omissions of Defendant Lighthouse by and through its agents constitute violations of the FCCPA, including, but not limited to F.S.A. § 559.72(4).

34. As a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, punitive damages and attorney's fees and costs.

## Count IV
### FCCPA Violation (Call to Regional Manager)

35. Plaintiff re-alleges and incorporates by reference paragraphs 1-25 above.

36. The foregoing acts and omissions of Defendant Lighthouse by and through its agents constitute violations of the FCCPA, including, but not limited to F.S.A. § 559.72(4).

37. As a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, punitive damages and attorney's fees and costs.

## Count V
### FCCPA Violation (failure to advise of dispute)

38. Plaintiff re-alleges and incorporates by reference paragraphs 1-25 above.

39. The foregoing acts and omissions of Defendant Lighthouse by and through its agents constitute violations of the FCCPA, including, but not limited to F.S.A. § 559.72(6).

40. As a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, punitive damages and attorney's fees and costs.

## Count VI
### FCCPA Violation (calls to Debtor to abuse or harass)

41. Plaintiff re-alleges and incorporates by reference paragraphs 1-25 above.

42. The foregoing acts and omissions of Defendant Lighthouse by and through its agents constitute violations of the FCCPA, including, but not limited to F.S.A. § 559.72(7).

43. As a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, punitive damages and attorney's fees and costs.

## Count VII
### FCCPA Violation (calls to Debtor's sister to abuse or harass)

44. Plaintiff re-alleges and incorporates by reference paragraphs 1-25 above.

45. The foregoing acts and omissions of Defendant Lighthouse by and through its agents constitute violations of the FCCPA, including, but not limited to F.S.A. § 559.72(7).

46. As a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, punitive damages and attorney's fees and costs.

### Count VIII
### FCCPA Violation (profanity to General Manager)

47. Plaintiff re-alleges and incorporates by reference paragraphs 1-25 above.

48. The foregoing acts and omissions of Defendant Lighthouse by and through its agents constitute violations of the FCCPA, including, but not limited to F.S.A. § 559.72(8).

49. As a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, punitive damages and attorney's fees and costs.

### Count IX
### FCCPA Violation (profanity to Debtor)

50. Plaintiff re-alleges and incorporates by reference paragraphs 1-25 above.

51. The foregoing acts and omissions of Defendant Lighthouse by and through its agents constitute violations of the FCCPA, including, but not limited to F.S.A. § 559.72(8).

52. As a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, punitive damages and attorney's fees and costs.

### Count X
### FDCPA Violation (as against Susie Scherzi)

53. Plaintiff re-alleges and incorporates by reference paragraphs 1- 25 above.

54. The foregoing acts and omissions of Defendant Scherzi constitutes numerous and several violations of the FDCPA, including, but not limited to 15 U.S.C. § 1692b(2), 1692b(3), 1692c(a)(3), 1692d, 1692d(2), 1692d(5), 1692e, 1692e(5), 1692e(10), and 1692(f).

55. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, costs and attorney's fees.

### Count XI

### FCCPA Violation (as against Susie scherzi)

56. Plaintiff re-alleges and incorporates by reference paragraphs 1-25 above.

57. The foregoing acts and omissions of Defendant Scherzi constitute violations of the FCCPA, including, but not limited to F.S.A. § 559.72(3), 559.72(4), 559.72(6), 559.72(7), and 559.72(8).

58. As a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, punitive damages and attorney's fees and costs.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against the Defendant, Lighthouse Recovery Associates, LLC and Susie Scherzi finding the Defendants violated the FDCPA, the FCCPA, and awarding the Plaintiff her actual damages, statutory damages, punitive damages, attorney's fees and costs in accordance with 15 U.S.C. § 1692k and F.S.A. § 559.77(2), and, awarding Plaintiff any and all such further relief as is deemed necessary or appropriate.

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

DATED this 27 day of September, 2010.

Respectfully submitted:

Christie D. Arkovich, Esq.
Florida Bar No. 963690
Christie D. Arkovich, P.A.
1520 W. Cleveland Street
Tampa, Florida 33606
(813) 258-2808
(813) 258-5911 (facsimile)
cdalaw@tampabay.rr.com

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA )
)
COUNTY OF _____ )

Plaintiff having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

SIGN: _Ashley Story_

PRINT NAME: _Ashley Story_

Subscribed and sworn to before me
this _27_ day of _September_, 2010.

_Denise M. Seal_
Notary Public

DENISE M. SEAL
MY COMMISSION # DD 731147
EXPIRES: November 4, 2011
Bonded Thru Notary Public Underwriters